

## NUMBER 13-14-00621-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE IRMA YBARRA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion Per Curiam[1]

On October 24, 2014, relator Irma Ybarra filed a petition for writ of mandamus requesting that we compel the trial court to rule on relator's motion to transfer venue of the underlying suit affecting the parent-child relationship to Denton County, Texas. *See* TEX. FAM. CODE ANN. § 155.204(c) (West, Westlaw through 2013 3d C.S.). Relator further sought emergency relief staying any further proceedings in the trial court pending resolution of this original proceeding. By order issued that same day, this Court granted

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

relator's request for emergency relief and ordered the trial court proceedings to be stayed pending further order of this Court, or until the case is finally decided. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The Court further requested that the real party in interest, Roland Marcha, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See id.* R. 52.2, 52.4, 52.8.

On November 3, 2014, Marcha filed a response to the petition for writ of mandamus stating, in relevant part, that he "agreed [the case] should be transferred." This Court has also received an order signed by the trial court on October 20, 2014, transferring the underlying suit to Denton County, Texas.

The Court, having examined and fully considered the petition for writ of mandamus and the response, is of the opinion that this matter has been rendered moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings."); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). Accordingly, the Court LIFTS the stay that was previously imposed in this cause and DISMISSES the petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
12th day of November, 2014.

2